IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HONGJIE SONG,<br><br>Petitioner,<br><br>v.<br><br>MISTY MACKEY, Warden,<br>Midwest Regional Reception Center; and<br>SAMUEL OLSON, Field Office Director, ICE,<br><br>Respondents. | Case No. 26-3407-JWL |

## MEMORANDUM AND ORDER TO SHOW CAUSE

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. Petitioner has also filed a motion for a temporary restraining order (Doc. # 4) and a motion for immediate release (Doc. # 6). The Court **denies** both motions. The Court does find that a responsive pleading is warranted on an expedited basis, however.

In his petition, petitioner claims that he should be deemed detained pursuant to 8 U.S.C. § 1226(a), which provides for discretionary release on bond; and that he was improperly required to bear the burden of proof at his two custody determination hearings in immigration court, at which he was denied release on bond. By his motion for a temporary restraining order, petitioner seeks an order (a) releasing him on terms of supervision, or in the alternative, mandating a bond hearing within seven days at which the Government would bear the burden of proof; (b) prohibiting his transfer outside this

judicial district while the case is pending; and (c) setting an expedited briefing schedule and hearing. By his second motion, petitioner seeks release pending adjudication of this case.

The Court denies petitioner's request for immediate release or a bond hearing. Petitioner essentially seeks the entirety of the relief that he seeks by his petition, and the Court concludes that the Government should be heard on the merits of petitioner's claims. Moreover, even if petitioner prevailed on his claim that his bond hearings violated federal law, the Court would at most consider relief in the form of a new bond hearing, and therefore his outright release is unwarranted. Finally, this Court has consistently rejected the claim that the Government should bear the burden of proof at an initial bond hearing under Section 1226(a), *see, e.g.*, *Colmenares Silva v. Blanche*, 2026 WL 3118281, at *2 (D. Kan. Oct. 19, 2026) (Lungstrum, J.), and petitioner has not addressed that authority or otherwise shown a likelihood of success of the merits of that claim.[1]

Nor has petitioner shown that other relief is warranted at this time. Petitioner has not shown that his transfer to another facility is likely, nor has he disputed that this Court would retain jurisdiction over the petition in the event of a transfer, *see Quintero v. Blanche*, 2026 WL 1383537, at *1 (D. Kan. May 18, 2026) (Lungstrum, J.) (citing cases); and he has not shown that he would suffer any prejudice from a lack of proximity to his counsel, as this case will be decided on written briefs concerning purely legal issues. The

[1] Petitioner argues that he is likely to succeed on his claim that Section 1226(a) governs his detention, but that statute merely affords him the right to a bond hearing, which he has already received.

Court also denies the request for a hearing. The Court will, however, expedite briefing on the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion for a temporary restraining order (Doc. # 4) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for immediate release (Doc. # 6) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT respondents are required to show cause on or before **November 10, 2026**, why the writ should not be granted; and that petitioner is granted until **November 17, 2026**, to file a traverse thereto, admitting or denying under oath all factual allegations contained in the response. Copies of this Order shall be transmitted to the parties and the United States Attorney for the District of Kansas.

IT IS SO ORDERED.

Dated this 27th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge