FILED
U.S. District Court
District of Kansas
11/18/2026
Clerk, U.S. District Court
By: KGS Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HONGJIE SONG,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center; and
SAMUEL OLSON, Field Office Director, ICE,

Respondents.

Case No. 26-3407-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of China, was admitted to the United States in 2019 with authorization to remain until July 14, 2021. Petitioner was detained by immigration officials on August 17, 2026, and removal proceedings were initiated. He is presently in custody in this judicial district. On October 26, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, but petitioner failed to file a traverse or reply brief by the Court-ordered deadline of November 17, 2026, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. §

2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claims.

Petitioner first claims that he should not be deemed subject to mandatory detention as an arriving alien under 8 U.S.C. § 1225(b)(2)(A), but instead may be detained only under 8 U.S.C. § 1226(a). Petitioner's evidence, however, shows that he was detained under Section 1226 and was not charged as an arriving alien; and respondents confirm in their answer that petitioner is detained under Section 1226. Petitioner's detention under Section 1226(a), which allows for discretionary release on bond, is further confirmed by the fact that he has received two bond hearings in immigration court, at which the immigration judge denied relief on the merits, finding that petitioner presents a flight risk. Accordingly, because petitioner is not subject to mandatory detention, the Court denies this claim.

Second, petitioner claims that his bond hearings violated due process because the Government was not required to bear the burden of proof at those hearings. As the Court noted in denying petitioner's motion for a temporary restraining order, it has consistently rejected the claim that the Government should bear the burden of proof at an initial bond hearing under Section 1226(a). *See Colmenares Silva v. Blanche*, 2026 WL 3118281, at *2 (D. Kan. Oct. 19, 2026) (Lungstrum, J.). Petitioner did not address that authority in his petition; nor did petitioner file a reply brief to address the issue as discussed in the Court's TRO denial. Accordingly, the Court denies this claim.

Finally, the Court denies petitioner's substantive due process claim, by which he argues that his detention is not supported by a legitimate interest to secure his appearance and his eventual removal, in light of the immigration court's determination (twice) that petitioner represents a flight risk (a determination that his Court lacks jurisdiction to review).

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 18th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge